IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 23-00030 |
| Plaintiff, | |
| vs. | |
| LIZA CONCEPCION QUINATA a.k.a. LIZA MARIE TOLENTINO CONCEPCION, | **DETENTION ORDER** |
| Defendant. | |

The Defendant made her initial appearance before this court on October 31, 2023, and the court immediately held a detention hearing pursuant to 18 U.S.C. § 3142(f) to determine whether the Defendant should be released or detained. *See* Mins., ECF No. 4. The court took the matter under advisement. *Id.* Having heard argument from the parties and considered relevant authority, the court hereby issues this Detention Order denying the Defendant's release pending trial.

**I.  Background**

On October 31, 2023, a two-count Complaint was filed charging the Defendant with Conspiracy to Distribute Five or More Grams of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(viii), and Distribution Near School, in violation of 21 U.S.C. §§ 841(a)(1) and 860. *See* Compl., ECF No. 1. The Defendant appeared in court later that day, and counsel was appointed to represent her. *See* Mins., ECF No. 4, and Appointment Order, ECF No. 6.

To reasonably assure the Defendant's appearance and the safety of the community, the Probation Officer's Pretrial Services Report ("PTS") recommended that the Defendant be released with conditions. The government requested that the Defendant be detained, and defense counsel argued that the Defendant should be released. The court took the matter under advisement and

ordered that the Defendant be remanded to the custody of the U.S. Marshals Service pending the court's ruling. See Mins., ECF No. 4.

On November 1, 2023, an Indictment was filed charging the Defendant with Conspiracy to Distribute Fifty Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii), and in Count 2 with Possession with Intent to Distribute Fifty or More Grams of Methamphetamine Near School, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 860(a) and 18 U.S.C. § 2. See Indictment, ECF No. 7.

On November 14, 2023, the Defendant appeared before the court for arraignment. See Mins., ECF No. 9. The Defendant entered not guilty pleas to the charges, and the court set trial for January 18, 2024. Id. The court ordered the Defendant to remain in custody pending the court's ruling on detention.

## II.  Legal Standard

Federal law presumes the pretrial release of a defendant on personal recognizance or upon execution of an unsecured appearance bond *unless* the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. 18 U.S.C. § 3142(b). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the court must consider the following factors:

> (1) The nature of the circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . controlled substance . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation , on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt. *United States v. Winsor*, 785

F.2d 755, 757 (9th Cir.1986).

Section 3142(e) creates categories of criminal offenses that give rise to a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community" if the defendant is released. Relevant to this case is the presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)" 18 U.S.C. § 3142(e)(3)(A).

The presumption imposes on defendants only a burden of production; the burden of persuasion concerning the risk of flight and dangerousness remains with the government. *United States v. Jessup*, 757 F.2d 378, 381-84 (1st Cir. 1985); *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986). When a defendant comes forward with no evidence, the presumption alone supports the conclusion that no conditions of release could reasonably ensure the appearance of the defendant and the safety of the community. *Id.* at 107.

To meet its burden, the defense must produce only "some [relevant] evidence." *Jessup*, 757 F.2d at 381. The introduction of such evidence, however, does not eliminate the presumption entirely. Rather, the presumption "remains in the case as one of the elements to be considered" by the judicial officer. *Id.* at 383.

The statute specifies that a finding that no conditions will reasonably ensure the safety of any other person or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). The statutes is silent regarding the standard of proof for a finding that no conditions will reasonably ensure the defendant's appearance, but courts have held that such a finding must be supported only by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990).

**III.    Discussion**

The parties agree that Section 3142(e) presumption in favor of detention applies to this case. The issue is whether the Defendant has rebutted this presumption so as to warrant her release

pending trial. The court begins its analysis with the four factors enumerated in Section 3142(g).

### Nature of Offenses Charged

With regard to the nature of the offenses charged, the Defendant faces two counts involving a controlled substance. The offenses carry a maximum sentence of life imprisonment with a mandatory minimum sentence of 10 years, which gives the Defendant a strong incentive to flee. Additionally, although the offenses are not *per se* crimes of violence, Congress has found that "[t]he illegal . . . distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people." 21 U.S.C. § 801(2).

With regard to the circumstances of the charged offenses, the government alleged that the Defendant's drug dealing activities involved numerous individuals, including her 15-year old son, and that this drug distribution was occurring in a home located within 1000 feet of a school. When law enforcement agents executed the search warrant, they seized "methamphetamine, firearms, ammunition, drug paraphernalia, and electronic devices." Compl. at ¶ 4, ECF No. 1. This combination of guns and drugs gives the court pause. The court finds that this first factor weighs against the Defendant's release.

### Weight of the Evidence

The second factor to consider is the weight of the evidence against the Defendant. As noted above, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt. *Winsor*, 785 F.2d at 757. The government asserts that the weight of the evidence against the Defendant is strong and that she has made admissions about her culpability and the fact that she made about $1 million dollars while working with another federal defendant (Melvin Naputi)[1] to distribute drugs. While the weight of the evidence appears strong, the evidence proffered by the government has not been tested in an adversarial proceeding. Whether

---

[1] *See United States v. Melvin John Salas Naputi*, Criminal Case No. 23-00001. Mr. Naputi plead guilty to Attempted Possession with Intent to Distribute Fifty or More Grams of Methamphetamine and to being a Felon in Possession of a Firearm and Ammunition. *See* Am. Plea Agreement, ECF No. 77. His sentencing is currently set for December 12, 2023.

the evidence is weak or strong is for the jury to decide at trial. The court does not put too much weight on this factor.

### History and Characteristics of the Defendant

The third factor requires the court to consider the history and characteristics of the Defendant. According to the PTS, the Defendant is 42 years old and has resided on Guam for most of her life. She has been unemployed since October 2021, and has lived in the Yona residence with her minor son since about 2019. The residence is owned by her ex-boyfriend, who now resides in Germany. She does not pay rent to stay in the Yona residence, but she pays for the monthly utility bills, which she estimates to be about $1,000. Her other listed expenses is $500 for groceries, but her only monthly income identified is $600 in child support. The Defendant has insufficient resources to support herself, which leads to the conclusion that the proceeds derived from the Defendant's alleged drug activities offset her other monthly expenses.

The Defendant has a history of substance abuse, and she claimed that she participated in drug treatment in 2016 as part of court-ordered conditions in the Superior Court of Guam. The Defendant allegedly told the probation officer that she "sold drugs, but [she] didn't use." The Defendant also reported that she last tried methamphetamine about "one month ago." The court notes that she has a history of arrests dating back to 2013, with the latest arrest in September 2022 for Theft by Receiving and Theft of Property, with an unknown disposition at this time.

There is no question that the Defendant has strong ties to the community, which support a finding that she would not flee the island. But none of her family members have come forward on her behalf to act as third party custodians for her. The court is not sure that she would comply with any conditions of release that may be imposed without the third party custodians, particularly because of her admitted substance abuse history. If the Defendant had a proposed third party custodian and could be placed on location monitoring, then the court would be more reasonably assured that she would comply with her release conditions and any danger she posed to the community would be lessened. This third factor does not support the Defendant's release.

### Nature and Seriousness of Danger Posed by Release

Finally, the fourth factor focuses on the nature and seriousness of the danger to any person

or the community if the Defendant was released. The government maintains that the Defendant poses a danger to the community and to her minor child if released. Defense counsel asserts that any danger to the child or the community can be addressed by removing the child from the home and by fashioning appropriate release conditions.

The government argued that the Defendant has exposed her two sons to her drug activities. Ms. San Nicolas noted that the Defendant's older son, Timothy Concepcion, used to reside with her in the Yona residence before he was arrested on drug charges in 2022. This son was sentenced in February 2023 to a total of 15 years' imprisonment for Conspiracy to Distribute Fifty or More Grams of Methamphetamine and for Using and Carrying a Firearm During a Drug Trafficking Crime. *See* J., ECF No. 64 in *United States v. Timothy Jerome Concepcion*, Criminal Case No. 22-00004.[2] Counsel for the United States also stated that when the house was raided, the Defendant's minor son was sitting at the kitchen table wearing a holster on his waist and a revolver was on the table in front of him. The government stated that the minor said he was exposed to guns and drugs and assisted his mother in the drug distribution from their home.

Ms. San Nicolas further asserted that this investigation has been ongoing for more than two years. The government had extracted information from the cellular phone of other individuals that indicate that the Defendant was involved in drug deals with many individuals. The information also indicated that the Defendant was providing firearms to others and also trading methamphetamine for firearms.

The government's assertions, which were unchallenged by the Defendant, raises serious concerns. It would appear that even after the Defendant lost one son to the criminal justice system because of his illegal drug activity, she nonetheless allowed her minor son to be involved in her methamphetamine distribution ring and to possess a firearm presumably to protect the drugs. This

---

[2] According to the Amended Plea Agreement, at the time of his arrest Timothy Concepcion had a .357 caliber revolver, a .380 caliber pistol and 62 rounds of assorted ammunition in the vehicle he was driving, along with more than $2,000 in cash and "14 clear baggies containing a white crystalline substance" that tested presumptive positive for methamphetamine. Am. Plea Agreement at ¶ 5, ECF No. 46. The substance was later analyzed and determined to be "390.8 net grams of methamphetamine hydrochloride with a purity level of 64%." *Id.*

is a potentially dangerous combination. The Defendant's poor decisions do not give the court confidence that she would comply with any conditions the court imposes.

As a whole, the Section 3142(g) factors do not support the Defendant's release. Based on the record established by the government, the Defendant played a lead role in the alleged drug distribution ring, with methamphetamine and two firearms found in her home where a minor resides. The Defendant herself admitted to the probation officer that she "sold drugs." The court finds there is clear and convincing evidence that the Defendant poses a danger to the community if released.

### III. Conclusion

Having considered the Section 3142(g) factors, the court finds that Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant were released. Based on the discussion above, the court orders that the Defendant remain detained pending trial.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Nov 16, 2023